UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROCKPORT CONTRACTING, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-11-1853 |
| | § | |
| CHAIN ELECTRIC COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Defendants Chain Electric Company ("Chain") and Arch Insurance Company's ("AIC") motion to dismiss or transfer venue. Doc. 3. In their supporting memorandum, the Defendants contend that the Louisiana Public Works Act, La. R.S. 38:2241, "dictates only the Louisiana parish in which the work was performed has subject-matter jurisdiction over disputes under such contracts. Therefore, the suit should be dismissed." Doc. 4 at 2. In the alternative, Defendants argue that "venue in this District is inconvenient for Defendants and their witnesses and warrants transfer" to the Western District of Louisiana. *Id.*

Rockport urges the Court to "reject Defendants' attempt at forum shopping and deny their motions to dismiss and transfer venue." Doc. 10 at 1.

Having considered the parties' motions, the background of this case, and all relevant law, the Court finds that Defendants' motion to dismiss should be granted.

Background

Rockport instituted this suit against the Defendants seeking payment allegedly due under a performance bond between the parties.

In December, 2007, Chain entered into a contract with Lafayette City-Parish Consolidated Government for the installation of an underground fiber-optic system. *See.* Doc. 4-

2. In March, 2008, Chain entered into a subcontract with Rockport by which Rockport was to construct and install the underground fiber-optic system. Doc. 4-3. Pursuant to the Louisiana Public Works Act, Chain, as principal, and AIC, as surety, issued a performance and payment bond.[1]

Rockport alleges that it properly performed the installation project according to the terms of the subcontract and that "Chain has failed and refused . . . to pay Rockport the monies it is owed under the Subcontract." Doc. 1-3 at 4. Rockport alleges that it filed an affidavit on April 12, 2011[2] On the same day, Rockport filed its original complaint against Chain and AIC in the 268th Judicial District of Fort Bend County, Texas. Rockport sought to recover "the amounts overdue and owing to Rockport, including, but not limited to, privileges granted to Rockport under the Louisiana Public Works Act." *Id.*

On May 13, Defendants removed the case to this Court, asserting the Court's jurisdiction pursuant to 28 U.S.C. § 1332(a). Doc. 1. On May 20, the Defendants filed their motion to dismiss or to transfer venue. Doc. 4. Defendants contend that Title 38 of the Louisiana Revised Statutes, the statute under which Rockport is asserting a claim against the Defendants, "dictates only the Louisiana parish in which the work was performed has subject-matter jurisdiction over disputes under such contracts." *Id.* at 2. This Court, therefore, lacks jurisdiction to hear the suit. In the alternative, Defendants request that the Court transfer venue to the United States District Court for the Western District of Louisiana in the interest of convenience. *Id.*

On June 8, the Lafayette City-Parish Consolidated Government filed suit in the 15th

---

[1] The Louisiana Public Works Act states that for contracts to perform "public works," "[t]he public entity [for which the work is performed] shall require of the contractor a bond with good, solvent, and sufficient surety in a sum of not less than fifty percent of the contract price for the payment by the contractor or subcontractor to claimants." La. Stat. Ann. § 2241.

[2] Rockport's original complaint states that it filed the affidavit in Lafayette County on April 12, 2010. Plaintiff filed its original complaint in the 268th Judicial District of Fort Bend County, Texas on April 12, 2011. The Court assumes that the affidavit was filed on the same date. The discrepancy is immaterial to resolution of this case.

Judicial District Court for the Parish of Lafayette, Louisiana against Rockport, Chain, AIC, and various other parties responsible for the installation or insurance of the fiber optic system at issue in this case. No. 2011-3264-J. Lafayette City Parish asserts claims of negligence, breach of contract, and breach of performance bond obligations against the parties responsible for installing, insuring, and securitizing the installation of the fiber optic system. On June 30, Chain and AIC removed the state case to the Western District of Louisiana (No. 6:11-cv-1247) and, on the same day, "ask[ed] this Court to take judicial notice of the [case] . . . in the Western District of Louisiana" as an additional factor counseling transfer of venue to the Western District. Doc. 13 at 2. On September 23, Judge Haik remanded the case to the 15th Judicial District after finding that Chain and AIC improperly had removed before they were served with process as required by 28 U.S.C. § 1446(b). Doc. 26 in No. 6:11-cv-1247.

Analysis

A federal court sitting in diversity applies the choice of law rules of the forum state in which it sits. *General Elec. Supply Co. v. Utley-James of Texas, Inc.*, 857 F.2d 1010, 1012 (5th Cir. 1988) (citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)). This Court applies Texas choice-of-law provisions to determine which law governs. *Alkek & Williams, Ltd. v. Tuckerbrook Alternative Investments, L.P.*, 419 Fed.Appx. 492 (5th Cir. 2011) (citing *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)).

Rockport contends that this case should be considered under Texas choice of law rules regarding transitory or local actions and that, "[u]nder Texas' application of the local action doctrine . . . the key is whether or not the cause of action involves, or requires the court to determine, a party's interest in real property." Doc. 10 at 6.[3] Because this case does not involve a

---

[3] The local action doctrine, a rule that "has its origins in the early days of the common law," (Charles Alan Wright, et al, 14D Federal Practice and Procedure § 3822 (3d Ed. 2011) states that "[a] local action involving real property

claim of title to real property, Rockport contends, it is a transitory action and may be heard by this Court.

The Court disagrees that Texas' application of the local action doctrine is dispositive of this case. Rather, the Court looks to Texas law to determine what effect Texas courts would give the Louisiana Public Works Act which created the bond to which Rockport now makes a claim. Rockport misleadingly states that "Texas courts have not yet decided a case based on whether a subcontractor's claims against its general contractor and the general contractor's surety, for nonpayment, are local or transitory actions." Doc. 10 at 6-7. Although it may be true that Texas courts have not considered this particular issue, that is so because Texas courts have consistently applied Texas' "special venue statute pertaining to suits for the collection for labor and materials furnished prime contractors on projects contracted by the State or any of its political subdivisions." *Cole v. Western Brick & Supply Co.*, 364 S.W.2d 761 (Tex. Civ. App. 1963).

Section 2253.021 of the Texas Government Code[4] mandates that "[a] governmental entity that makes a public work contract with a prime contractor shall require the contractor, before beginning the work, to execute to the governmental entity" a performance and payment bond–after certain cost thresholds are reached–for the benefit of the governmental entity and any subcontractor performing work or supplying labor to the contractor for the public work. Tex. Gov't Code Ann. § 2253.021 (West 2008). Further, the Code requires that "[a] suit under this chapter shall be brought in a court in a county in which any part of the public work is located." § 2253.077. Thus it is immaterial whether suits between subcontractors, general contractors, and a

---

can only be brought within the territorial boundaries of the state where the land is located." *Hayes v. Gulf Oil Corp.*, 821 F.2d 285 (5th Cir. 1987) (citing *Ellenwood v. Marietta Chair Co.*, 158 U.S. 105, 107, 15 S.Ct. 771, 771, 39 L.Ed. 913 (1895)). Because this dispute involves not a claim to title in land, but a claim to money allegedly due pursuant to work performed on land, Rockport asserts that its claims "are transitory in nature . . . [and therefore that] this Court has jurisdiction over all of Rockport's claims against Chain and Arch." Doc. 10 at 7.
[4] Previously Tex. Civ. Stat. Ann. art. 5160(G).

general contractor's surety on a statutory bond are considered transitory or local, because Texas courts are bound by the venue clause of Section 2253.007.

It is true, however, that Texas courts have not yet decided what effect to give the Louisiana Public Works Act's restrictions on bonds brought pursuant to that statute. Chain and Arch contend that the Louisiana Public Works Act confers "exclusive subject-matter jurisdiction in the parish in which the work was performed." Doc. 4 at 4 (citing *Pipe Sys., Inc. v. Am. Mfrs. Mutual Ins. Co.*, 609 F. Supp. 571 (E.D. Mo 1985)). In *Pipe Systems*, the District Court for the Eastern District of Missouri found that "[Section] 2243 of [the Public Works Act] requires suits to be brought in concursus[5] 'in the proper court of the parish where the work was done.'" At 575.

The Public Works Act–like the Texas Government Code provisions discussed above, numerous other state laws governing public works,[6] and the federal Miller Act[7]–requires contractors performing public works contracts to post a bond and provides procedures for subsequent suits by parties making a claim to that bond. Specifically, the Public Works Act requires a contractor performing a public works contract in excess of $25,000 to post "a bond with good, solvent, and sufficient surety in a sum of not less than fifty percent of the contract price for the payment by the contractor or subcontractor to claimants." La. Rev. Stat. Ann. § 38.2241. If, after 45 days from the completion of the work "any filed and recorded claims are unpaid, the public entity shall file a petition in the proper court of the parish where the work was

---

[5] In *Seal v. Gano*, 160 La. 636, 107 So. 473 (1926), the Louisiana Supreme Court relied on the Corpus Juris definition of "concursus" as "[a] running together; a collision, as concursus creditorum, a conflict among creditors; a concurrence, or meeting, as concursus actionum, concurrence of actions." *Seal v. Gano*, 160 La. at 642 (quoting 12 C.J. p. 396 (1917)). More recently, Corpus Juris Secundum defined a "concursus proceeding" as "one in which two or more persons having competing or conflicting claims to money, property, mortgages or privileges on property are impleaded and required to assert their respective claims, contradictorily, against all other parties to the proceeding" and explains that "as it is employed in Louisiana, [a concursus action] is substantially the same as common law interpleader." 48 C.J.S. *Interpleader* § 5.
[6] *See Pipe Systems*, 609 F. Supp. 571 at 575-77 (compiling statutes).
[7] 40 U.S.C. § 270(b) ("Every suit instituted under this Section shall be brought . . . in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit . . .").

done, citing all claimants and the contractor, subcontractor, and surety on the bond and asserting whatever claims it has against any of them, and shall require the claimants to assert their claims." § 38.2243. "If the governing authority fails to file the proceeding any claimant may do so." *Id.*

"[T]he highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law unless it has later given clear and persuasive indication that its pronouncement will be modified, limited or restricted." *West v. American Tel. & Tel. Co.*, 311 U.S. 223, 61 S.Ct. 179 (1940) (citing *Wichita Royalty Co. v. City National Bank of Wichita Falls*, 306 U.S. 103, 107, 59 S.Ct. 420, 421, 83 L.Ed. 515 (1939)). The decision of a federal district court in Missouri is not, contrary to Chain and Arch's contention, a conclusive statement of Louisiana state law. The Supreme Court of Louisiana, however, has ruled on the meaning and effect of the Public Works Act's remedy provisions.[8]

In *Seal*, the Supreme Court of Louisiana described the manner of proceedings on a claim for a statutory bond as:

> a special remedy afforded a certain class of creditors for the concurrent enforcement of their claims and to regulate their rights as between themselves and against a contractor doing public work, and the surety on his bond.
>
> It is a statutory concursus authorized to be instituted under certain conditions by the public authorities letting the contract for the public work, or by any person having a properly recorded claim against the contractor who performed the work or caused the same to be done, in the event the authorities failed or neglected to exercise the right.
>
> The bond furnished by the contractor for the benefit of the authorities having the work done and for the benefit of claimants against the contractor represents the fund upon and against which the rights of the creditors of the particular work are to be regulated and enforced.

160 La. at 641.

The court went on to explain that:

---
[8] *Seal v. Gano*, 160 La. 636.

> The very purpose of the act was to provide a special, speedy, and summary remedy to enable the authorities letting the work, or, on their default, any creditor of the contractor, to bring all parties concerned and having an interest together before one court and in one proceeding, to the end that their respective rights as between themselves and as against the contractor and his surety might be recognized and adjusted.

*Id.*

Failure to respect the concursus procedure would, the court reasoned, "afford the more energetic creditor the opportunity of collecting his claim and, perhaps, exhaust the liability of the surety to the injury of all other claimants. . . . It would destroy the right of all creditors to share ratably and in proportion to the amount of their claims in the common fund." *Id.* at 644. To provide a "special, speedy, and summary remedy" that ensures the rights of all creditors are fairly heard, "[n]o better and more convenient forum . . . could have been designated than the competent court of the parish where the work was done, where the contract and bond is required to be recorded, and where the claims are required to be registered." *Id.* at 643. Clearly, then, the Louisiana Public Works Act restricts the nature and location of proceedings by claimants to a statutory bond created pursuant to that Act.

Although Texas courts have not considered the effect of the Public Works Act in this State, Texas courts are bound by the similar venue limitation in Section 2253.007 of the Texas Government Code. Pursuant to an exception to the general venue provisions of the Texas Civil Practice and Remedies Code,[9] venue for actions for labor and materials furnished on construction work for the state is governed by the Section 2253.077 of the Government Code.[10] The Court cannot imagine that Texas courts would ignore clear provisions of a sister State's statutory limits on actions for public works bonds. To do so would invite acrimony across State lines and

---

[9] Tex. Civ. Prac. and Rem. Code An.. § 15.016 (West 2002).
[10] "An action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute." *Id. See also Pennsylvania Ins. Co. v. Storbeck & Gregory*, 391 S.W.2d 811 (Tex. Civ. App. 1965); *Cole v. Western Bricj & Supply Co.* 364 S.W.2d 761 (Tex. Civ. App. 1963).

encourage Louisiana courts likewise to disregard Texas' venue limitations. It is the opinion of this Court that Texas courts would give full effect to the limitations on statutory bond actions contained in the Louisiana Public Works Act.

Finally, the Court turns to the issue of whether, having recognized that Texas courts would give effect to the Public Works Act, this Court should apply that state law or should instead follow federal law. Rockport contends that the Supreme Court's decisions in *Tennessee Coal, Iron, & RR Co. v. George*[11] and *Atchison, Topeka, & Santa Fe Ry. Co. v. Sowers*,[12] which hold that federal courts are not obliged to follow any state's forum restriction in that state's laws, control this decision. Although these venerable cases have continuing vitality, Rockport ignores some significant decisions from the intervening years. Notably, *Erie RR Co. v. Tompkins*.[13] and its progeny are particularly important to the resolution of this matter.

Under *Erie*, a federal court sitting in diversity applies the substantive law of the state in which it sits but follows federal rules of procedure. *Id. See also* Wright, et al, 19 Fed. Practice and Procedure § 4501. Procedural law relating to substantive rights, however, can be "bound up with these rights and obligations in such a way that its application in the federal court is required." *Byrd v. Blue Ridge Rural Elec. Co-op., Inc.*, 356 U.S. 525 (1958) (citing *Cities Service Oil Co. v. Dunlap*, 308 U.S. 208 (1939). Here, it is clear that the Louisiana Public Works Act procedures relating to bond actions are inextricably "bound up" with the substantive rights at issue.

As discussed above, the *concursus* action, together with the venue limitation, is intended to provide a "*special*, speedy, and *summary* remedy." *Seal v. Gano*, 160 La. at 643 (emph. added). If Louisiana created this form of action and the limitations thereon only to ensure speedy

---

[11] 233 U.S. 354, 34 S.Ct. 587 (1914).
[12] 213 U.S. 55, 29 S.Ct. 397 (1909).
[13] 304 U.S. 64, 58 S.Ct. 817(1938).

resolution, the form of the action would not be "bound up" with the rights at issue, but the Louisiana legislature created a "special" and "summary" remedy intended to resolve the claims of *all* creditors in a single action, thereby avoiding the possibility of competing claims by numerous creditors in various fora. Rockport contends that this concern "can be easily resolved by interpleading the funds into this Court using the two interpleader mechanisms available in federal court." Doc. 10 at 8 (citing Fed. R. Civ. P. 22; 28 U.S.C. § 1335).

Rule 22 allows a plaintiff or a defendant through a crossclaim or counterclaim to join as defendants "[p]ersons with claims that may expose a plaintiff [or defendant] to double or multiple liability." No party to this action has made any attempt to join other parties whose claims may expose Chain or AIC to multiple liability, nor has Rockport made any showing that such parties are subject to the jurisdiction of this Court and could be joined in this action. Those parties would, under Rockport's formulation, be free to make their claims in other courts in which Chain and AIC are subject to personal jurisdiction. It is clear that Rule 22 will not overcome the potential for multiple, conflicting claims to the statutory bond.

> Section 1335 gives the district courts original jurisdiction
>
> of any civil action of interpleader . . . filed by any person . . . or corporation . . . having in his custody or possession money or property of the value of $500 or more . . . or having issued a note, bond, certificate, [or] policy of insurance . . . if . . .
> (1) Two or more adverse claimants, of diverse citizenship . . . are claiming or may claim to be entitled to such money . . . and if
> (2) the plaintiff has deposited such money or property . . . into the registry of the court.

28 U.S.C. § 1335(a).

This action was filed by Rockport against Defendants Chain and AIC. Doc. 1. Rockport is not in the possession of the funds at issue but is instead asserting a right to those funds. The current action is not an action of or in the nature of interpleader and Section 1335 therefore is

irrelevant.

The best demonstration of the impossibility of allowing this suit to continue in this forum is the fact that Lafayette City Parish has, pursuant to the Louisiana Public Works Act, filed a *concursus* action in the 15th Judicial District Court for the Parish of Lafayette against all the potential claimants to the statutory bond, including Rockport, Chain, and AIC.[14] Allowing Rockport to proceed in this case and, in the event of a favorable judgment, collect from the statutory bond would "afford the more energetic creditor the opportunity of collecting his claim and, perhaps, exhaust the liability of the surety to the injury of all other claimants. . . . It would destroy the right of all creditors to share ratably and in proportion to the amount of their claims in the common fund." *Seal v. Gano*, 160 La. at 644.

Because the Court finds that an action on a statutory bond created pursuant to Louisiana Public Works Act must be filed in the nature of a *concursus* action in the court of the parish where the work was done, Rockport's claims against Chain and AIC must be dismissed.

Conclusion

For the foregoing reasons, the Court

**ORDERS** that Plaintiff Rockport Contracting, LLC's case is hereby **DISMISSED** without prejudice.

SIGNED at Houston, Texas, this 11th day of January, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[14] No. 2011-3264-J.